**Michele ROGERS, Plaintiff,**

v.

**Gordon R. ENGLAND, Secretary U.S. Department of Navy Defendant.**

**No. CIV.A. 00–2452(EGS).**

United States District Court, District of Columbia.

March 30, 2005.

Eric Steele, Claronell Hope Brown, Washington, DC, for Plaintiff.

Claire M. Whitaker, L. Jackson Thomas, II, U.S. Attorney's Office, Washington, DC, for Defendant.

## ORDER

SULLIVAN, District Judge.

Plaintiff Michele Rogers, a former employee of the Department of the Navy, Engineering Field Activity Chesapeake ("EFACHES"), Construction Division, Washington Navy Yard, brings this Title VII action against the Secretary of the Navy, claiming that she was the victim of sexual harassment and rape at the hands of her former immediate supervisor. Defendant has moved to dismiss or for summary judgment, claiming that plaintiff's suit is barred because she did not timely report the instances of harassment to an EEO counselor and "unreasonably failed to take advantage of corrective opportunities" under defendant's sexual harassment policy.

Viewing the evidence in the light most favorable to Ms. Rogers, and drawing all reasonable inferences accordingly, the Court is persuaded that there are genuine issues of material fact. Accordingly, defendant's motion for summary judgment will be **DENIED** and the parties should prepare for a Pretrial Conference in accordance with LCvR 16.5.

## I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C.Cir.2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party's opposition, however, must

consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

## II. Analysis

### A. Exhaustion of Administrative Remedies

In a Title VII suit for sexual harassment, an actionable harm can be caused by "harassment ... sufficiently severe or pervasive to alter the terms and conditions of [the victim's] employment and create an abusive working environment." *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir. 1999); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) ("whether an environment is 'hostile' or 'abusive' can be determined only be looking at all the circumstances"). In order to maintain a claim for a "hostile working environment," plaintiffs are required to initiate contact with an EEO counselor within 45 days of the last allegedly discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). However, "provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for purposes of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Singletary v. District of Columbia*, 351 F.3d 519, 526 (D.C.Cir.2003).

 Plaintiff claims that her immediate supervisor, Jasper Garner, subjected her to repeated rapes, assaults, and harassment over a period of two years between April 1996 and September 1998. However, she did not contact an EEO supervisor until March 24, 1999. Therefore, in order to maintain this suit, she must prove that an act "contributing to the claim" occurred sometime during the 45–day reporting period—in this case between February 8 and March 24, 1999.

Plaintiff claims that the triggering act that ripened her hostile work environment claim was a cellphone call from Mr. Garner on March 19, 1999. Garner admits that he made a phone call, although he does not recall the exact date and he disputes that the call was inappropriate. *See* Opp'n Ex. 7, Garner Dep. at 139–142. However, a "discriminatory act," for the purposes of a hostile work environment claim, does not necessarily mean that the act would be actionable standing alone. Rather, plaintiff must simply show that the acts "are part of the same actionable hostile work environment practice." *Singletary*, 351 F.3d at 527; *see also Morgan*, 536 U.S. at 115, 122 S.Ct. 2061 (noting that hostile environment claims "are based on the cumulative effect of individual acts").

Because Mr. Garner was no longer plaintiff's supervisor in March 1999, plaintiff contends that there was no other reason for him to contact her other than to continue the unwanted sexual harassment. Although it is a close call, based on the totality of the circumstances, and drawing all reasonable inferences in plaintiff's favor, the Court finds that a reasonable jury could find the alleged phone call sufficient to ripen plaintiff's claim for a hostile work environment. *See Salazar v. Washington Metro. Transit Auth.*, 401 F.3d 504 (D.C.Cir.2005) (noting that on a motion for summary judgment, the Court must "consider[ ] [plaintiff's] evidence all together and giv[e] him the benefit of every reasonable inference").

Furthermore, although defendant does not recall the exact date of the call, he

272

concedes that it was in 1999 and that "March could be the date." *See* Opp'n Ex. 7, Garner Dep. at 139. Based on this record, the Court finds that there is a triable issue of fact regarding whether or not plaintiff's contact with an EEO officer was timely.

### B. *Faragher / Ellerth* affirmative defense

■ "Any employer is subject to vicarious liability to a victimized employee for actionable hostile work environment created by a supervisor with immediate or successively higher authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability ... The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly ... any harassing behavior; and (b) that the petitioner employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer ...." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807–08, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *accord Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

■ Defendant claims that it is entitled to the affirmative defense described above because defendant employees were not made aware of plaintiff's allegations until March 1999, at which time they made every reasonable effort to fully investigate plaintiff's claims and prevent further harassment. Defendant also contends that plaintiff unreasonably failed to comply with the Division's sexual harassment policy by failing to promptly report any offending behavior to a supervisor or an EEO officer.

Here, too, there are disputed issues of material fact. The record contains references to conversations between plaintiff and her supervisory staff in April or May of 1996 suggesting that she made an effort to report Mr. Garner's conduct. *See* Pl's. Supp. Facts Ex. 8 at 191–92 (Herndon Aff.); Ex. 10 at 27–29, 62 (Muhammad Dep.). Based on this record, and again viewing the facts in the light most favorable to plaintiff, the Court is persuaded that there are triable issues of fact regarding whether or not the Department took reasonable care to prevent and correct the alleged harassing behavior.

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendant's Motion to Dismiss or for Summary Judgment is **DENIED**; and it is

**FURTHER ORDERED** that pretrial proceedings shall commence pursuant to a separate order issued this date.

**IT IS SO ORDERED.**